**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION**

**LUCAS VOGT**,

    Plaintiff,

v.                                                                                                                     2:23-cv-853-NPM

**BAHAMA GLASS & WINDOW, INC.**, and
**JOHN LUBAWAY, III**,

    Defendants.

---

## ORDER

Before the court is the parties' joint stipulation of dismissal with prejudice. (Doc. 30). Federal Rule of Civil Procedure 41(a)(1)(A)(ii) allows a plaintiff to dismiss an action voluntarily if a stipulation of dismissal is signed by all parties who have appeared. The dismissal is effective upon filing and requires no further action by the court. *See Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272, 1278 (11th Cir. 2012); *see also Casso-Lopez v. Beach Time Rental Suncoast, LLC*, 335 F.R.D. 458, 461-62 (M.D. Fla. 2020) (holding parties may terminate an FLSA case by filing either a Rule 41(a)(1)(A)(ii) stipulation of dismissal with prejudice or a Rule 68(a) notice of acceptance of an offer of judgment "and the district court is immediately powerless to interfere"). "Rule 68 applies in actions brought under the Fair Labor Standards Act no less than in any other case," *Vasconcelo v. Miami Auto Max, Inc.*, 981 F.3d 934, 942 (11th Cir. 2020), and there is "no distinction" between the

operation of Rule 41(a)(1)(A)(ii) and Rule 68 in an FLSA action. *Casso-Lopez*, 335 F.R.D. at 462.

    The parties stipulate to dismissing this case with prejudice, with each party to bear their own attorney's fees and costs. Accordingly, this action is dismissed with prejudice. The clerk is directed to enter judgment, terminate any scheduled events, and close the file.

    **ORDERED** on March 21, 2024.

_____
NICHOLAS P. MIZELL
United States Magistrate Judge